Hitchcock, J.
Most of the points raised in argument in this case have already been decided at the present term, in the case of Porter v. Kepler et al., and will not be further noticed. The question now to be settled, depends upon the sufficiency *of the declaration. The declaration is certainly very inartificially drawn ; and, had it been demurred to, it might have been sufficient to sustain it. Indeed, we think that some of the counts are too defective to be sustained after verdict. In the fourth count, however, the plaintiff, after stating that the defendants were stockholders, etc., of a certain unauthorized banking institution, etc., “ issued their certain certificate, called a certificate of deposit,” which said certificate of deposit is as follows:
“ This certifies that Robert Porter has this day deposited in *222 this institution $550, subject to his order on the 1st day of April next, on return of this certificate. Stark County Orphans’ Institute Bank, Fulton, Ohio, March 13, 1839. Win. A. Clark, teller.”
This is the instrument declared on, and it shows a consideration received and a promise, or that which is equivalent to a promise, to pay on the 1st day of April next after its date. Compare this allegation with the requirements of section 13 of the act of January 27, 1816, to prohibit the issuing and circulation of unauthorized bank paper, Swan’s Stat. 136, and we must say it is sufficient. That section provides, “ that in such suit ” (that is, in a suit against the stockholders of an unauthorized banking company) “it shall be sufficient for the plaintiff to set forth, in substance, that he is the holder of such note, bill, bond, or contract; that the defendants were interested in said bank at the date of such bond, note, bill, or contract, or subsequently thereto, and that it remains unpaid.”
Our statute, contrary to the rules of the common law, has provided that where there are several counts in a declaration, some of which aré bad or defective, and the residue good, and the jury shall return a general verdict for the plaintiff, the court may give judgment on the good counts to which the evidence was applicable. Swan’s Stat. 688. The evidence in this case was applicable to the fourth count in the declaration, which we hold to be good.
The motion in arrest is overruled, and judgment may be entered on the verdict.